IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

JOE RICHARD RANDLE JR.       §

v.       §       CIVIL ACTION NO. 6:05cv454

WESLEY PRATT, ET AL.       §

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Joe Richard Randle, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

This case was remanded by the Fifth Circuit for the district court to address a single issue. This issue concerned a claim that Randle was denied due process in a disciplinary hearing, in that he alleged that he had been improperly excluded from this hearing. After the remand, the district court ordered the hearing officer, Lt. William Jock, to answer the claim.

After filing his answer, Lt. Jock filed a motion for summary judgment, which alleged that Randle failed to exhaust his administrative remedies, that Randle could not show a due process violation because he was excluded from the hearing for cause, and that he, Lt. Jock, is entitled to qualified and Eleventh Amendment immunity. Randle filed a response to the motion, and Lt. Jock filed a reply to the response.

After review of the pleadings and the competent summary judgment evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. In this Report, the Magistrate Judge concluded that Randle had failed to exhaust his administrative

remedies, as required by Fifth Circuit precedent and the Prison Litigation Reform Act of 1996. The Magistrate Judge thus recommended that Randle's lawsuit be dismissed with prejudice for failure to exhaust. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

Randle filed objections to the Magistrate Judge's Report on December 31, 2009. In his objections, Randle says that: he raised state tort claims which were never addressed; the Court has not ruled on his motions to amend and to add parties; there are "no required pleadings at all in disciplinary appeals"; he was unjustly excluded from the hearing; the Magistrate Judge wrongly denied his motions to amend and to add parties; and the Magistrate Judge abused his discretion. Randle made no mention of the issue of exhaustion of administrative remedies, which was the basis of the Magistrate Judge's Report.

Although Randle complains of the failure to address his pendent state claims, he fails to show that he has raised any claims which are cognizable under state law. Texas law provides that where an inmate challenges a single allegedly defective disciplinary proceeding, he must resort to habeas corpus to do so. *See, e.g.*, White v. Texas Department of Criminal Justice - Correctional Institutions Division, slip op. no. 13-04-530-CV (Tex.App.-Corpus Christi, June 15, 2006, review denied) (unpublished) (available on WESTLAW at 2006 WL 1644594). In addition, Texas law, like federal law, requires exhaustion of administrative remedies. Retzlaff v. Texas Department of Criminal Justice, 94 S.W.3d 650, 653 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Because Randle did not do so, his state law claims are amenable to dismissal as well; in the interest of justice, however, the Court will decline jurisdiction over Randle's state law claims because he has no viable federal claim. 28 U.S.C. §1367(c). Under these circumstances, the statute of limitations on such claims would be tolled from the date the lawsuit was originally filed until thirty days after the final judgment dismissing the action is entered on the docket. 28 U.S.C. §1367(d); *see also* Slaughter v. Allstate Insurance Co., 803 F.2d 857 (5th Cir. 1986) (supplemental jurisdiction should not ordinarily be exercised where there is no federal claim). Randle's objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings and testimony in this cause, as well as the competent summary judgment evidence. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment (docket no. 80) is GRANTED in all respects, including the invocation of the defense of qualified immunity. It is further

ORDERED that the Court declines jurisdiction over any state-law claims which Randle raises under the doctrine of supplemental jurisdiction, and the statute of limitations on any such claims is hereby TOLLED from the date that the lawsuit was filed until 30 days after the entry of final judgment. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

**SIGNED this 13th day of January, 2010.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

3